**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 SEP 30 AM 8 52

BY _____ CLERK
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| -against- ) | COMPLAINT AND |
| ) | JURY TRIAL DEMAND |
| CAPITAL PIZZA HUTS, INC., d/b/a) | |
| CAPITAL PIZZA HUTS OF ) | 2:05-cv-265 |
| VERMONT, INC. ) | |
| ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Zachary Teller ("Teller"). As alleged with greater particularity below, Capital Pizza Huts, Inc., d/b/a Capital Pizza Huts of Vermont, Inc., ("Defendant") subjected Teller to discrimination by terminating his employment because of his disability, Down syndrome.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Vermont.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4.      At all relevant times, Defendant Capital Pizza Huts, Inc., is a Colorado Corporation doing business in the State of Vermont as Capital Pizza Huts of Vermont, Inc., and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Teller filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Teller is a qualified disabled individual pursuant to Title I of the ADA.

9.      Teller had worked for Defendant at its Brattleboro location for roughly thirteen years until he was terminated on September, 15, 2004.

10.     On or about September 15, 2004, Teller was having lunch at Respondent's Brattleboro location with Melody Ellis, his case worker from Healthcare and Rehabilitation Services of Southeastern Vermont ("HCRS"), and Tamara Simmiolkgier, another HCRS employee. Teller was not on duty at the time.

11.     While they were eating, Glen Sommers, Teller's manager, telephoned Teller's mother to tell her that Teller was fired. Sommers then told Teller's caseworker and colleague that Teller was fired. This termination came without any warning or any attempt to discuss Teller's work with Teller, his mother, or his case worker.

12.     Sommers stated that Pizza Hut should not lose money by paying Teller to do nothing when he could have someone "normal" doing the job. Sommers also stated that "these kind of people shouldn't work."

16.     Defendant's termination of Teller's employment denied him equal employment opportunities in violation of the ADA.

17.     The unlawful employment practices complained of above were intentional.

18.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Teller's federally protected rights.

19.     The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Teller by depriving him of equal employment opportunities in violation of the ADA.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any

employment practice which discriminates on the basis of disability.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices,

      C.      Order Defendant to re-hire Teller, or, in lieu thereof, pay Teller front-pay.

      D.      Order Defendant to make Teller whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgement interest and job search expenses, in amounts to be determined at trial.

      E .      Order Defendant to make Teller whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

      F.      Order Defendant to pay Teller punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September **30** , 2005

Respectfully submitted,

James L. Lee

-4-

Deputy General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

Elizabeth Grossman
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov

Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
Markus.Penzel@eeoc.gov

DAVID V. KIRBY
United States Attorney

By: HEATHER E. ROSS
HEATHER E. ROSS
Assistant U.S. Attorney
P.O. Box 570
Burlington VT 05402-0570
(802) 951-6725