UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> -against- ) <br> ) <br> CAPITAL PIZZA HUTS, INC., d/b/a) <br> CAPITAL PIZZA HUTS OF ) <br> VERMONT, INC. ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 1:05-CV-265 |

## CONSENT DECREE

This cause of action was initiated on September 30, 2005, by the Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that Defendant violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), as well as Title I of the Civil Rights Act of 1991 by terminating the employment of Zachary Teller ("Teller") on the basis of his disability.

The EEOC and Defendant desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between Defendant and the EEOC (hereinafter "the parties"), who are the signatories hereto.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

I.  **General Provisions**

1. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms.

2. This Decree resolves all issues raised in EEOC Charge Number 161-2005-00540 and all issues that were raised in the EEOC's Complaint in this case. The Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant and to commence civil actions on any such charges.

3. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

4. This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. EEOC acknowledges, but disputes, Defendant's assertion that Capital Pizza Huts, Inc. was not a proper party Defendant. Nothing contained in this Decree shall be construed as an admission of liability on the part of Defendant, which has denied the allegations of the Complaint concerning disability discrimination under the ADA and asserts that at all times it acted in an appropriate and legal manner.

5. This Consent Decree shall become effective upon its entry by the Court (the "effective date").

6. Each party shall bear its own costs and attorney fees.

7. The parties agree that this Consent Decree constitutes the complete agreement between them, and it supersedes all rights, obligations, negotiations, representations, and writings prior to

the date of this Consent Decree. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court.

## II.  Injunctive Relief

Defendant and its managers, officers, and agents will not discriminate against any individual because of the individual's actual disability, record of a disability, or any perception of disability, subject employees to differential treatment regarding the terms and conditions of employment on the basis of their disability, record of disability, or perception of disability, engage in any disability discrimination toward any employee, or engage in retaliation against any individual for asserting her or his rights under the ADA. Defendant will provide reasonable accommodations to employees as required under the ADA. Defendant and its agents will not retaliate against any individual who has participated in this matter in some way, given testimony in this matter or asserted her or his rights under the ADA, including, but not limited to, Teller.

## III.  MONETARY RELIEF

1. In resolution of this dispute, Defendant shall pay a total settlement of $55,000.00. This sum shall be paid $1,000 as payment for alleged lost wages, and $54,000 as payment for alleged compensatory damages. A W2 shall issue for the $1,000.00 payment. As to the payment for alleged compensatory damages, Defendant shall not withhold taxes or make any employer contributions for FICA, except that it must issue a 1099 for this payment.

2. The checks shall be made payable to "Zachary Simon Teller, Ward." The checks shall be delivered to Teller's guardian and mother, Nancy Teller, within fourteen (14) days of the effective date, by United States Postal Service, certified mail receipt c/o Nancy Teller, 287 Pleasant Valley Road, West Brattleboro, VT 05301.

3. The payments to Mr. Teller shall be subject to the execution by Mr. Teller's Guardian of a separate Release agreed to between Defendant and Teller.

4. Defendant shall send copies of the settlement checks, W2 and 1099 forms, and return receipt to EEOC c/o Markus L. Penzel, Senior Trial Attorney, EEOC, Boston Area Office, JFK Federal Bldg. Room 475, Boston, MA 02203-0506, simultaneously with Defendant's delivery to Nancy Teller, legal guardian for Zachary Teller, c/o Nancy Teller, 287 Pleasant Valley Road, West Brattleboro, VT 05301.

## IV. Reinstatement

1. Defendant will offer to reinstate Zachary Teller to his former position at the Brattleboro, Vermont, Pizza Hut location within thirty (30) days of the effective date. The job to be offered him shall be for approximately four hours per 2-week pay cycle, with a preference for hours on Saturday. Zachary Teller shall have thirty (30) days following the offer to reinstate to accept the offer. If the offer to reinstate is not accepted within thirty (30) days, the offer to reinstate will be rescinded.

2. In accordance with the ADA policy referenced below, no adverse job action may be taken against Mr. Teller concerning his job performance without first attempting to resolve any performance issues by involving his mother and/or his job coach. Mr. Teller shall, like any other employee, be subject to compliance with Company policies, procedures, and objectives.

## V. Non-Monetary Relief

### A. Posting

1. No later than seven (7) days after the effective date, Defendant shall post at its Brattleboro, Vermont, facility a copy of a remedial notice printed on its letterhead and signed by its

President or Executive Vice President, attached hereto as Exhibit "A." Said notice shall remain posted for the duration of this Decree.

**B.    ADA Policy**

2.    Within thirty days of the effective date, Defendant shall distribute to all personnel of the Capital Pizza Hut restaurants in New Jersey, Maine, Tennessee, Virginia, New Hampshire, Vermont, and North Carolina (hereafter referred to collectively as the "Capital Pizza Hut restaurants") a written statement regarding disability discrimination and accommodation to contain the language of Exhibit B. The text of Exhibit B shall be included in the Capital Pizza Huts Policies and Procedure Manual for the duration of this Decree.

**C.    Training**

3.    All restaurant general managers of the Capital Pizza Hut restaurants shall be required to attend an intensive training program of at least four (4) hours, at least two hours of which shall be regarding disability-based discrimination, harassment and the reasonable accommodation of employees with disabilities, including mental retardation. The general outline of the ADA curriculum for this training shall be in a form similar to Exhibit C.

4.    Training of general managers of Capital Pizza Huts of Vermont, Inc., shall take place by June 30, 2007. All new restaurant general managers at the Brattleboro, Vermont, facility shall receive this training within sixty (60) days of hire or promotion into management.

5.    Defendant must complete this training for the rest of the restaurant general managers within the Capital Pizza Hut restaurants by May 31, 2008, and may incorporate it into its annual training for restaurant managers. A certificate or other proof of completion of this training by all applicable employees shall be provided to the EEOC no later than June 30, 2008.

### D. LIAISON TO JOB COACHING/PLACEMENT AGENCY FOR INDIVIDUALS WITH DISABILITIES.

6. Capital Pizza Huts of Vermont, Inc., will designate one of its staff members to act as a liaison to a job coaching/placement agency for persons with disabilities such as Health Care and Rehabilitation Services (HCRS) for the purposes of receiving communications concerning job openings for participants in these job placement programs. This designation and working relationship with that or a similar program will continue for the term of this Consent Decree.

7. Within thirty (30) days from the entry of this Decree, Defendant will advise EEOC c/o Senior Trial Attorney, Markus L. Penzel as to its efforts to comply with ¶6 above. Each and every time it hires an individual through its relationship with such an agency, it shall notify the EEOC of that individual's name, date of hire, wage (if applicable), name of supervisor, and identify any reasonable accommodations, if any, which were requested and made for that individual.

### E. MONITORING

8. The EEOC has the right to reasonably monitor and review compliance with this Consent Decree. Accordingly:

a) By July 30, 2008, Defendant shall submit written proof via affidavit to the EEOC that it has complied with the above requirements set forth in paragraphs 1-7 above.

b) Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein.

### VI. Term of Decree

This Decree will remain in effect through December 31, 2009.

SO ORDERED, ADJUDGED AND DECREED.

Signed this 7TH day of May, 2007

_____
Judge

APPROVED IN FORM AND CONTENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____  by MLP
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov

_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov


Defendant

_____
By its attorney
Thomas B. Lewis, Esq.
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543-5315
(609) 895-7321
TLewis@stark-stark.com

JUDGMENT ENTERED ON DOCKET
DATE: 05/07/2007